UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Derek Tarr

   v.                                                              Civil No. 04-cv-055-SM

Werner Ladder Co.

**O R D E R**

Defendant Werner Ladder Co. ("Werner") moves to retroactively extend the deadline for the supplementation of its expert disclosures until April 30, 2005 (document no. 29), and to exclude the testimony of John Morse, Ph.D. (document no. 35), whom Plaintiff Derek Tarr disclosed as an expert witness. Plaintiff moves to exclude the expert testimony of Frederick J. Bartnicki, P.E. (document no. 33), whom Werner disclosed as an expert witness. Each motion has drawn an objection by the non-moving party. Chief Judge McAuliffe referred the motions to me.

For the reasons set forth herein, Defendant's motion to extend the deadline for the supplementation of its expert disclosures is granted. The motions to exclude the expert testimony of John Morse and Frederick J. Bartnicki are denied subject to renewal at a later date. If the motions are renewed they must be submitted in accordance with the directions

contained at the conclusion of this order.

## Background

This is a product liability suit in which a TV cable technician seeks recovery for injuries incurred in a fall while using an allegedly defective ladder manufactured by the Defendant. Defendant answered the complaint on March 24, 2004.

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26.1, the parties filed an agreed upon "Discovery Plan." That plan was adopted by Judge McAuliffe as the court's pretrial scheduling order. Document No. 5. The parties selected, and Judge McAuliffe ordered, that on or before November 1, 2004 Plaintiff was to provide his expert's report to Defendant and that on or before December 15, 2004 Defendant was to provide its expert's report to Plaintiff. Further, the parties, again approved by court order, agreed that as to expert reports, "No supplementations by either party (may be made) after February 1, 2005."

On November 29, 2004, Defendant sought an agreement to extend its expert disclosure deadline to January 10, 2005. Document No. 118. Plaintiff consented and the court granted the request. No contemporaneous request was made to extend the date

for supplementation of expert's reports.  The reason set forth in the motion to extend the report deadline was defense counsel's fall trial commitments.  Defendant submitted its expert's report of January 10, 2005 and supplemented it on January 31, 2005 with a list of exhibits that it said its expert might use.

On April 12, 2005, Defendant's expert visited the accident site for the first time and was accompanied by defense counsel. This resulted in a new and additional report on April 25, 2005. This report contained a number of new opinions and noted the likelihood of even more additional tests.  On June 23, 2005, Defendant's counsel provided Plaintiff's counsel a videotape showing testing conducted by Bartnicki subsequent to the date of Defendant's new report.  Defendant did not make any request of the court for permission to file a late supplementation until June 24, 2005.

On June 30, 2005, Plaintiff filed an objection to Defendant's motion to extend the deadline for the supplementation of its expert disclosures and concurrently filed a motion to exclude the expert testimony of Frederick J. Bartnicki, P.E.  In response, Defendant filed an objection to the motion to exclude the testimony of Bartnicki, and filed a motion to exclude the

testimony of John Morse, Ph.D.  Both parties contend that the other party's expert testimony fails to meet the requirements of Federal Rule of Evidence 702.

## Discussion

The Court first addresses Defendant's motion to extend the deadline for the supplementation of its expert disclosures until April 30, 2005.  The Court then briefly addresses the motions to exclude the testimony of the expert witnesses.

A.   Request to Extend Deadline for Supplementation

Bartnicki's April 25, 2005 report is untimely under the pretrial order as amended whether it is viewed as a new report or as a supplemental report.  In fact, it is dated over ninety (90) days after the extended deadline.  The instant motion to extend the disclosure date was filed sixteen (16) days shy of six (6) months after the extended deadline.  Defendant and its counsel have demonstrated a very cavalier attitude towards the court's order despite the mandate in Federal Rule of Civil Procedure 26(a)(2)(C) that expert disclosures "shall be made at the times and in the sequence directed by the court."

The First Circuit has held that Federal Rule of Civil Procedure 37(c)(1) "clearly contemplates stricter adherence to

discovery requirements, and harsher sanctions for breaches of this rule." Klonoski v. Mahlab, 156 F.3d 255, 269 (1st Cir. 1998). "[T]he required sanction in the ordinary case is mandatory preclusion." Id. However, mandatory preclusion is not appropriate where the failure is with "substantial justification" or "is harmless." See Fed. R. Civ. P. 37(c)(1); see also MaCaulay v. Anas, 321 F.3d 45, 51 (1st Cir. 2003) (finding that among the factors to be considered in determining whether a party's expert testimony should be precluded are the justification for the late disclosure and the opponent's ability to overcome its adverse affects).

Defendant alleges that the five-month retroactive extension of its expert disclosure deadline is substantially justified because despite its efforts to locate the site of the telephone pole in question beginning in May 2004, Werner did not locate the pole until January 5, 2005, and then only a few days later a heavy snow storm occurred that obscured the terrain preventing the expert from viewing the site until the snow melted in early April 2005.

The Court is skeptical of Defendant's justifications for a number of reasons. First, defense counsel listed a number of

things that he did, which might have, but did not, reveal the address of the accident scene.  The Court notes, however, that those efforts did not include sending an investigator to the area or sending the Plaintiff an interrogatory directly on point early in the case.  Second, Defendant asserts that its expert could not view the site prior to April 2005 because a heavy snow storm in January 2005 obscured the terrain.  But the Defendant's expert report of January 10, 2005 references photographs of the site taken by the Defendant's photographer on January 5, 2005.  If Defendant was able to photograph the site on January 5th, its expert was capable of viewing the site on January 5th or shortly thereafter.  Third, Defendant provides no reason why examining the site in the same condition as existed at the time of the accident, i.e., with snow on the ground, would not have been possible or effective.  New Hampshire clears its roads promptly after snow storms and front loaders can remove drifts.  Finally, the Court is struck by the Defendant's failure to file a motion in January, February, or March 2005 based on its expert's alleged inability to finalize his report without a bare ground site inspection.

   While Defendant's facts are not inaccurate, there was a

delay in identifying the accident site and the Court has found public records that indicate that two snow storms occurred in Belknap County in January 2005, the Court is not convinced that those facts are the sole basis for the new report.  Seeking permission for the late supplementation of expert disclosures simply because counsel can construct plausible arguments retrospectively is not compliance with the letter or spirit of Federal Rule of Civil Procedure 16 or the court's pretrial order, and is inappropriate.  See MaCaulay, 321 F.3d at 50 (finding that since an important object of the federal rules of civil procedure is to avoid trial by ambush, the district court typically sets temporal parameters for the production of expert disclosures).

Defendant's untimely request for supplementation totally disregards the pretrial order and its own stipulations.  The parties stipulated and the court ordered "no supplementation after February 1, 2005."  Plaintiff played by the rules and the court order and provided its report when due.  Defendant also played by the rules in that it provided its initial expert disclosure on January 10th and then supplemented it on January 31st.  Approval for the April 2005 report and Bartnicki's June video experiments were not sought in advance.

Since cases should be decided on the merits, the Court is reluctant to preclude Werner from presenting its additional expert report, testing and video exhibit.  Werner is put on notice, however, that it shall not be permitted any additional opportunities to supplement its expert disclosures.  Werner's expert disclosures are now frozen.

As a matter of fairness, the Court will allow the Plaintiff an additional six months to supplement Morse's earlier expert disclosures with any additional report, testing or exhibits that Plaintiff finds necessary.  After that period has passed, both parties shall make their experts available for up to four hours of additional direct deposition testimony.

B.   Motions to Exclude Expert Testimony

Plaintiff argues that notwithstanding the untimely disclosure of Bartnicki's second expert report and videotape, Bartnicki's entire testimony in this matter should be excluded because it fails to conform with the requirements of Federal Rule of Evidence 702.[1]  Plaintiff argues that Bartnicki's testimony is

---

[1] Federal Rule of Evidence 702 provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness

(1) not based on sufficient facts or data, (2) not the product of reliable principles and methods, and (3) Bartnicki's principles and methods have not been applied reliably to the facts of this case.  Plaintiff argues that in preparing his first report Bartnicki did not rely upon any literature in the relevant field or peer review, and Bartnicki's opinions were not verified by independent testing and analysis, notwithstanding that there were several measurable elements to his theories.  Plaintiff further argues that the tests that Bartnicki conducted after the submission of his two expert reports were done in conditions dissimilar from those that existed when Plaintiff was injured.

Similarly, Defendant argues in its motion to exclude (1) that Morse's testimony is based upon unreliable principles and methods, (2) that Morse's opinion that the incident ladder was tiplocked and caused the ladder to telescope has not been properly applied to the facts of this case, (3) that Morse's

---

qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

opinions on causation are unreliable and without foundation, (4) that Morse is not qualified to offer expert opinions on warnings, and (5) that Morse's opinion that the incident ladder is defective because its propensity to tiplock is substantially greater than the best available technology should be excluded because it is contrary to New Hampshire law.  Werner further argues that Morse's expert disclosure was inadequate under Federal Rule of Civil Procedure 26(a)(2)(B) because the report fails to disclose the basis and reasons for many of the opinions set forth in the report, and because much of the data upon which Morse relied to form his opinions is absent from the report.

After reviewing the parties' motions to exclude, the Court finds that both of the expert's timely filed disclosures have deficiencies that call the reliability of the expert's opinions into question under Federal Rule of Evidence 702.  In response to the Plaintiff's motion to exclude Bartnicki's testimony, however, Defendant relies upon the results of testing performed after the agreed upon and court ordered expert disclosure deadline.  The Plaintiff has not had a similar opportunity to attempt to address the deficiencies Defendant identified in Morse's expert report.  The Court finds that it would be unfair to the Plaintiff for the

Court to rule on the parties' motions to exclude at this time. As discussed above, the Plaintiff will be given an additional opportunity to supplement Morse's expert disclosures as the Plaintiff determines to be necessary in light of the Defendant's challenges to Morse's opinions.  If the parties wish to file renewed motions to exclude expert testimony after the additional period for Morse to supplement his expert disclosures ends, the Court will consider the motions based on all expert disclosures that have been permitted by the Court as of that date.

## Conclusion

For the reasons set forth above, Defendant Werner Ladder Co.'s motion to extend the deadline for the supplementation of its expert disclosures until April 30, 2005 (document no. 29) is granted.  Werner shall not be granted any additional extensions. The Court extends the deadline for the supplementation of John Morse's expert disclosures until April 3, 2006.  The dates for pretrial statements, the final pretrial conference, and the trial date will be reset accordingly in a subsequent order.

Plaintiff's motion to exclude the expert testimony of Frederick J. Bartnicki, P.E. (document no. 33), and Defendant's motion to exclude the expert testimony of John Morse, Ph.D

(document no. 35) are denied.  The parties are directed that if they choose to file new motions challenging the testimony of the other party's expert after April 6, 2006 any such motion must contain the following information:[2]

1. **Name of Expert Challenged.**

2. **Brief summary of opinion(s) challenged** (if more than one, designate separately), **including reference to the source of the opinion** (i.e., Rule 26(a)(2)(B) disclosure, deposition transcript references, interrogatory answers).  Attach highlighted copy of source materials as exhibit.

3. **Briefly describe methodology/reasoning used by expert to reach each opinion that is challenged.** Include reference to source of challenged methodology/reasoning, and attach a highlighted copy as an exhibit.

4. **Briefly explain the basis for the challenge to the reasoning/methodology used by the expert** (for example, methodology unreliable; methodology reliable, but not valid for application to this case; failure to use standardized or accepted methodology (for example, with a standardized test).  Attach a highlighted copy of affidavit or other source material supporting challenge to methodology/reasoning as an exhibit.

5. **Discuss whether the challenged methodology/reasoning is subject to a known or potential error rate.**  If so, briefly describe it, and attach a highlighted copy of any relevant source material as an exhibit.

---

[2] See Samuel v. Ford Motor Co., 96 F. Supp. 2d 491, 504 (D. Md. 2000) (Daubert/Kumho Worksheet included as Attachment A to the court's opinion).

6. **Summarize relevant peer review materials relating to methodology/reasoning challenged,** and attach a highlighted copy of any relevant source material as an exhibit.

7. **If the challenge to the opinion is based upon a contention that the methodology/reasoning has not been generally accepted within the relevant scientific or technical community, briefly explain the basis for this contention**.  Attach highlighted copy of any relevant supporting materials as an exhibit.

**SO ORDERED.**

                                            _____
                                            James R. Muirhead
                                            United States Magistrate Judge

Date: October 3, 2005

cc:   Edward M. Kaplan, Esq.
      Brian P. Voke, Esq.